# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SEAN STEELE,
    Plaintiff,

      v.                                  Case No. 16-13816

PUNCH BOWL DETROIT, LLC d/b/a
PUNCH BOWL SOCIAL and PUNCH
BOWL SOCIAL, jointly and severally,

    Defendants.
_____/

## OPINION AND ORDER DENYING MOTION TO COMPEL

The court is presented with an elaborate motion to compel answers to interrogatories and to produce documents. (Dkt. #17.) A similarly elaborate response was filed (Dkt. #18.), along with a reply (Dkt. #20). This heaping pile of expensive briefing was essentially unnecessary.

This court's Scheduling Order provides, among other things, in Section 7 that:

> Before filing any motion, read and closely follow E.D. Mich. L.R. 7.1(a)(2) in seeking concurrence. ***Moving counsel must specifically report the events that lead to concurrence being refused***. Unreasonable withholding of consent may lead to sanctions under LR 7.1(a)(3) as may the absence (or functional absence) of effort to seek an agreement that was later accomplished upon the motion being filed.

(Dkt. #14, Pg. ID 83 (emphasis added).)

Plaintiff, as moving counsel in this matter, has failed almost completely to report the events as the court's order requires. Plaintiff's counsel provides this specification of his efforts to meet and confer: "WHEREFORE, Plaintiff sought concurrence prior to filing this motion but it was not obtained." (Dkt. #17, Pg. ID 123). The Local Rules indicate that:

If concurrence is not obtained the motion must state:

> (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;
>
> (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference; or
>
> (C) concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se.

E.D. Mich. LR 7.1(a)(2). "The purpose of Local Rule 7.1(a) is to preclude the incurrence of unnecessary fees, costs and expenses by the party who intends to file the motion where the non-moving party concurs with the relief sought by the party intending to file the motion." *Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL 1060082, at *13 (E.D. Mich. Mar. 29, 2012).

This court's practice guidelines, available online, state categorically that "[f]ailure to comply or to state the details of compliance as required may result in a denial of the motion without response." Plaintiff's boilerplate and conclusory recitation claiming to have complied with the requirement that he seek concurrence prior to filing his motion is plainly insufficient. Indeed, the attachments to Plaintiff's motion reveal that the efforts made were cursory and flippant at best. Defendants' counsel suggested by email that Plaintiff had "misunderstood" Defendants' objections, and offered "to meet and confer with [counsel] concerning Defendant's objections and responses on Friday, March 24 if [counsel is] available." (Dkt. #17-6, Pg. ID 165.) To this outreach Plaintiff shot back:

"Your response satisfies any requirement to confer. Plaintiff disagrees to any alleged ambiguity and the merit of your objections. I will plan accordingly."[1] (*Id.*)

The court will deny Plaintiff's motion to compel for failing to comply with the requirements of Local Rule 7.1(a). Nor is the court's conclusion disturbed by Plaintiff's contention in his reply that the parties have since discussed the motion and are at an impasse. Such discussions must occur *before* a motion is filed lest the conference obligation become a dead-letter while litigants blackmail one another into acquiescence by burying the court in worthless paper. Such a file-first-talk-later attitude is consistent with neither the letter nor the spirit of the rules governing discovery motions.

Federal Rule of Civil Procedure 37 states that "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses . . . including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The court may not award such fees "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Here parts of the motion were plainly not substantially justified. For example, Plaintiff complained that Defendants had not served their initial disclosures, but Defendants insist that they had in fact served their disclosures on March 23, 2017, two days before the motion was filed. They rightly point out that "[h]ad Plaintiff's counsel checked his P.O. box or even merely reached out to defense counsel at all regarding

---

[1] This is not the first time that Plaintiff's counsel has flouted this rule. For example, he filed a motion to compel in *Harnden v. Bill Brown Ford, Inc.*, No. 16-11765 (E.D. Mich.) ECF No. 18, which contained a similarly bald assertion of compliance despite attached emails suggesting that the motion was entirely avoidable, *id.* at ECF No. 18-6.

3

the issue before filing his premature motion," the entire issue could likely have been resolved without either side incurring the expenses of motion practice. (Dkt. #18, Pg. ID 203.) Plaintiff's reply virtually concedes as much. By contrast, certain parts of the motion appear to have at least a semblance of merit[2] as Defendants declined, for instance, to include requested and presumably discoverable contact information in their response to questions regarding any other lawsuits alleging similar facts.

The court will stop short of awarding Defendants their fees and expenses in responding to the motion *at this time*. However, with respect to any discovery issues that may arise in the future, the court directs counsel to abide by all of the meet-and-confer and certification obligations contemplated by the Federal Rules of Civil Procedure, the Local Rules, this court's practice guidelines, and the scheduling order currently in place.

Though without due consideration these obligations may appear to be little more than needlessly formalistic impediments to the swift development of a factual record, they exist precisely to short-circuit the fruitless multiplication of briefings as occurred here and thus inure to the general efficiency and benefit of both counsel and the judiciary. It is in the spirit of these rules that the parties should attempt to confer in good faith and resolve their issues without recourse to motion practice.

---

[2] Neither party should interpret this as a signal on the court's views regarding the likely disposition of any future motion similar to the one before it. Here the court is merely commenting that some portion of Plaintiff's brief is at least not so frivolous *a priori* as to warrant an award of fees at this time.

IT IS ORDERED that Plaintiff's Motion to Compel Defendants' Initial Disclosures and Responses to Interrogatories and Requests for Production of Documents (Dkt. #17) is DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\BSS\Civil\16-13816.STEELE.Motion to Compel DENY.bss.docx